

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 1, 1991

Mr. Lionel R. Meno
Commissioner
Texas Education Agency
1701 North Congress
Austin, Texas 78701-1494

Opinion No. DM-53

Re: Construction of section 23.023(h) of
the Texas Education Code (RQ-157)

Dear Commissioner Meno:

You ask for a construction of section 23.023(h) of the Education Code. Specifically, you ask how that provision applies to an independent school district governed by a seven-member board that becomes subject to the provisions of section 23.023 of the Education Code at a time when fewer than four positions on the board of trustees are scheduled to be filled at the school district's next regularly scheduled trustee election.

Section 23.023 of the Education Code provides that independent school districts with 64,000 or more students in average daily attendance shall be governed by nine-member boards of trustees elected in biennial elections to staggered four-year terms. Educ. Code § 23.023(a), (h).[1]

Independent school districts not subject to the requirements of section 23.023 are generally governed by boards of trustees of seven members. Educ. Code § 23.01.[2] Subsection (h) of section 23.023 provides a transition mechanism for the conversion from a seven-member board to a nine-member board. Subsection (h) appears to assume that a school district becoming subject to the requirements of

---

[1]Except as provided by subsections (j) and (k), section 23.023 applies, by its terms, to all independent school districts whether created by general or special law. Subsection (j) of section 23.023 excepts a school district, all or part of which is located in certain cities, from the coverage of the section. Subsection (k) excepts any school district which adopted a plan for electing any part of its trustees from single-member districts before August 31, 1991.

[2]Independent school districts with fewer than 150 students may be governed by boards of trustees of three or five members. Id. § 23.022.

section 23.023 will have four-year terms. The terms for which such trustees are elected, however, vary among independent school districts. Educ. Code §§ 23.12 - 23.16. The subsection additionally appears to assume that such a school district will have four trustee positions up for reelection at the first election after the district becomes subject to the requirements of section 23.023.[3]   It does so by providing that at the first election held under section 23.023 six board members will be elected and also that members of the board of trustees serving on the date at which a district becomes subject to section 23.023 shall serve the remainder of their terms. It is possible, though, for a district to become subject to the act at a time when only three of its current trustee positions are up for election. In that case, at the first election to be held under section 23.023, four of the current members would retain their seats for another two years. If six positions were filled at the election in compliance with subsection (h), a ten-member board would result. This result is inconsistent with subsection (a) of section 23.023 which requires a nine-member board.

We are advised that the Austin Independent School District (AISD) has exceeded 64,000 students and has become subject to section 23.023 of the Education Code. The board members of AISD have four-year terms. However, AISD has only three of its current trustee positions up for election at its next biennial trustee election. Accordingly, as explained above, if AISD follows the procedure prescribed by subsection (h) of section 23.023 literally, it will exceed the number of trustees authorized by law.[4]

We believe that the legislature's intent as expressed by subsection (a) of section 23.023 is clear and unambiguous. Any construction which results in a ten-member board of directors, even temporarily, creates radical changes in the composition and operation of the board of trustees and cannot find support in the language of the statute. For example, subsection (h) provides, in part, that the

---

[3]Subsection (k) requires that a school district that becomes subject to section 23.023 will begin electing trustees in accordance with the section "no later than the first regular election held in the next calendar year or subsequent year." For districts with biennial elections, this requires compliance with the section at the first election held in a year after the calendar year in which the district becomes subject to the section.

[4]We are further advised by the Texas Education Agency that no other school district is likely to become subject to the requirements of section 23.023 before the legislature meets again in regular session, at which time the other obvious administrative difficulties with section 23.023 may be addressed.

members of the board for whom there was no election (the four remaining members of the seven-member board) will draw lots to determine which of the three remaining trustee districts each of them will represent. As there are more remaining members than districts to represent, a construction resulting in a ten-member board would create, perforce, an additional at-large member, diluting the voting strength of each of the other members. With a nine-member board, five votes carries a motion. With a ten-member board six votes are needed.

Similarly, we do not think that the legislature intended that the adoption of the provisions of section 23.023 be delayed for a biennium in order to wait for a situation in which only three current members would be in a position to hold over. This construction would violate express language in subsection (k). We note that when section 23.023 was first adopted in 1977, the legislature found that in the school districts with the largest number of students, the at-large election of all members of the board of trustees hinders communication between trustees and constituents and may dilute the voting power of ethnic groups. Acts 1977, 65th Leg., ch. 852, § 3. Given the importance of these concerns, we believe the legislature intended that subsection (k) be given effect.

Subsection (h) clearly states that the members of the current board shall serve out their terms. There is no mechanism under state law to remove a duly elected official who is guilty of no wrongdoing. Accordingly, the provision of subsection (h) providing that current members of the board serve out their terms must be given effect.

It is axiomatic that the fundamental rule controlling the construction of statutes is to ascertain the intent of the legislature. *Calvert v. Texas Pipe Line Co.*, 517 S.W.2d 777 (Tex. 1974). Even a cursory examination of subsection (h) of section 23.023 reveals that it is intended to provide a transition mechanism to expand a board of trustees from seven to nine members. Where subsection (h) presents a problem in this regard with respect to AISD is in requiring that six members be elected in the first election under section 23.023. We think that in stating that six members be elected, the legislature was merely making the (as it turns out, unwarranted) assumption that there would be four vacancies to fill on the previous seven-member board at the time of conversion. Accordingly, we believe the intent of the legislature was not to prescribe a set number of trustees that must be elected at that time, but to instruct the school district to elect enough members to fill its existing vacancies plus the two new positions created by the conversion to nine members.

Texas authorities support the interpolation of words into a statute where it is necessary to achieve a clear legislative intent. *Mauzy v. Legislative Redistricting Bd.*, 471 S.W.2d 570 (Tex. 1971). Reading words into a statute must be done with circumspection. However, we believe that the present instance creates an appropriate circumstance for this method of statutory construction. Where necessary to avoid irrationality or inconsistency, and where, as here, the legislative intent may be inferred from other parts of the statute, and where the omission is apparently the result of a mistake, the rules of statutory construction support reading words into a statute. 2A, SUTHERLAND STATUTORY CONSTRUCTION § 47.38 (4th ed. 1986). Accordingly, we find that in order to give effect to the intent of the legislature in enacting section 23.023 of the Education Code, subsection (h) of that section should be read, in pertinent part, as follows:

> *five or* six members, *as appropriate,* shall be elected -- the president, vice-president, and *three or* four regular members, *as appropriate....* (Emphasis indicates words that should be read into the statute.)

For the reasons stated herein, we believe that subsection (h) requires the election of five members to the board of trustees of a district subject to section 23.023 of the Education Code when three positions of the prior seven-member board are up for election in the first election held under section 23.023.[5]

## SUMMARY

> Subsection (h) of section 23.023 of the Education Code requires the election of five members to the board of trustees of a district subject to section 23.023 when three positions of the prior seven-member board are up for election in the first election held under section 23.023.

---

[5]This opinion does not address any issues arising from the application of section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, to the statute in question or its implementation. Submission, pursuant to section 5 of the Voting Rights Act of 1965, to the United States Department of Justice of the 1991 amendments to section 23.023, or of any local implementation thereof, is the responsibility of either the Secretary of State or the local school district, as appropriate.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General